Ivan Antonio **FONSECA**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–04–021–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 27, 2005.

Opinion Denying Rehearing
March 17, 2005.

Rehearing Overruled April 14, 2005.

Richard A. Henderson, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Chief Appellate Division, and Debra Ann Windsor, Stan Hatcher and C. Paige Simpson, Asst. District Attys. for Tarrant County, Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

## OPINION

ANNE GARDNER, Justice.

### INTRODUCTION

Appellant was indicted for sexual assault of a child under seventeen. He entered an open plea of guilty and the trial court sentenced him to eighteen years' confinement. In his sole issue Appellant complains the trial court erred by not appointing a certified court interpreter during the plea of guilty. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

As the sufficiency of the evidence is not challenged, a brief recitation of the facts will suffice. On September 25, 2003, Appellant's counsel filed a motion requesting a Spanish language interpreter for Appellant. A hearing was held that day, during which Appellant pleaded guilty. At the hearing, Appellant's counsel was sworn in as Appellant's interpreter. Appellant's counsel reiterated that he had filed a motion for an interpreter because "although I interpret today I don't want to interpret on sentencing day." At the hearing, the trial court fully admonished Appellant before accepting his guilty plea.

The court reconvened on January 8, 2004 for a sentencing hearing. At the sentencing hearing, the trial court noted that Appellant's counsel had requested an interpreter and the court swore Francisco Hernandez, Jr. to serve as Appellant's interpreter. During the sentencing hearing, the State did not call any witnesses. Appellant testified and admitted having sex with the complainant. He testified that the sexual intercourse was consensual and that he believed the complainant was eighteen or nineteen years' old at the time of the offense. After hearing the evidence and arguments of counsel, the trial court sentenced Appellant to eighteen years' confinement.

## INTERPRETER

■ Appellant complains on appeal that the trial court erred by not appointing a certified interpreter during his guilty plea. Appellant contends that once he filed a motion for a Spanish language interpreter the trial court was required to appoint an independent, certified interpreter at the plea hearing and relies on the Texas Government Code and Code of Criminal Procedure as authority. The Government Code states that "[a] court shall appoint a certified court interpreter or a licensed court interpreter if a motion for the appointment of an interpreter is filed by a party or requested by a witness in a civil or criminal proceeding in the court."[1] TEX. GOV'T CODE ANN. § 57.002(a) (Vernon

Supp.2004–05). The Code of Criminal Procedure states that "[w]hen a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged ... does not understand and speak the English language, an interpreter must be sworn to interpret for him." TEX.CODE CRIM. PROC. ANN. art. 38.30(a) (Vernon Supp.2004–05).

The Texas Court of Criminal Appeals recently held that the right to. an interpreter is a category two right. *See Garcia v. State*, 149 S.W.3d 135, 143 (Tex.Crim. App.2004) (agreeing with the holding of the Waco Court of Appeals in *Guerrero v. State*, 143 S.W.3d 283, 283 (Tex.App.-Waco 2004, no pet.)). Category two rights were defined by the court of criminal appeals as "rights of litigants which must be implemented by the system unless expressly waived." *Marin v. State*, 851 S.W.2d 275, 279 (Tex.Crim.App.1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App.1997). Hence, the right to an interpreter can be waived. *See Garcia*, 149 S.W.3d at 143–44. In the present case, although Appellant filed a motion requesting an interpreter, his request was limited to the sentencing hearing. Moreover, Appellant's counsel specifically stated at the guilty-plea hearing that "although I interpret today I don't want to interpret on sentencing day." Thus, it is apparent from the record that Appellant's counsel expressly waived any request for

---

1. Appellant argues that he was not appointed a "certified" interpreter as contemplated by the Texas Government Code. However, the code distinguishes between a "certified" and "licensed" court interpreter. *See* TEX. GOV'T CODE ANN. § 57.002(a). The code defines "certified court interpreter" as one qualified under Article 38.31 of the Code of Criminal Procedure, section 21.003 of the Civil Practice and Remedies Code, or certified under Subchapter B by the Texas Commission for the Deaf and Hard of Hearing. *See id.* These sections all detail the qualifications for interpreters for the deaf, not language interpreters. A "licensed" interpreter is one licensed to interpret "for an individual who can hear but does not comprehend English or communicate in English." *Id.* Thus, in essence, Appellant's argument is more correctly defined as a complaint that he did not receive a "licensed" court interpreter, as he could hear, but had difficulty comprehending and communicating in English.

another interpreter during his guilty plea. *See Garcia*, 149 S.W.3d at 144 (acknowledging that a litigant is never deemed to give up a waivable right unless "he says so plainly, freely, and intelligently, sometimes in writing and always on the record"). In the present case, Appellant's counsel gave up his right to an independent interpreter plainly, freely, and intelligently on the record. Thus, Appellant has not preserved any complaint for our review. TEX.R.APP. P. 33.1(a).

## CONCLUSION

Having concluded that Appellant waived his right to an independent interpreter at his plea hearing we overrule Appellant's sole issue. Thus, we affirm the trial court's judgment.

## OPINION ON REHEARING

On February 9, 2005, Appellant's appellate counsel filed a motion for rehearing arguing that we erroneously stated in our opinion of January 27, 2005, that the motion requesting a Spanish language interpreter was waived. In this opinion on rehearing, we address appellate counsel's argument; however, we do not change our original opinion. Accordingly, we deny the motion for rehearing.

■■■ As set out in our original opinion, we concluded that Appellant's trial counsel waived his previous request for a "licensed" interpreter at his guilty-plea hearing with his statement that "although I interpret today I don't want to interpret on sentencing day." In his motion for rehearing, Appellant's appellate counsel asserts, "There is no waiver in the record by the APPELLANT (emphasis added)." Based on this singular statement, we assume that Appellant's appellate counsel is arguing that the Appellant, himself, was required to waive his right to a "licensed"

interpreter at the plea hearing. We disagree.

The general rule is that whatever a person can do himself, *sui juris*, he can do by an attorney. [citation omitted] And this rule unquestionably applies in cases of attorneys appointed by the court to represent a party, as well as those cases where the party employs his attorney himself. Ordinarily the action of the attorney, as the representative of his client in the conduct of the cause, will, and should, be binding upon the client in all matters where by law the client is not specially required to act for himself.

*Wray v. State*, 89 Tex.Crim. 632, 636, 232 S.W. 808, 810 (1921); *see also Tex. Employers Ins. Ass'n. v. Wermske*, 162 Tex. 540, 543, 349 S.W.2d 90, 93 (1961) (noting the general rule is that the relationship of attorney and client is one of agency and under this rule, the omissions, as well as the commissions, of an attorney are to be regarded as the acts of the client whom he represents); *Am. Home Assur. Co. v. Rodriguez*, 749 S.W.2d 897, 899 (Tex.App.-San Antonio 1988, no writ) (stating that the attorney-client relationship is one of principal and agent, and the acts of one ordinarily binds the other); *Portnow v. Berg*, 593 S.W.2d 843, 845 (Tex.Civ.App.-Houston [1st Dist.] 1980, no writ) (same).

Additionally, for guidance we look to the right to a jury trial, which has also been classified as a category-two right. *See Marin v. State*, 851 S.W.2d 275, 278–79 (Tex.Crim.App.1993) (indicating that the right to a jury trial is a category-two right). In *Martin v. State*, the Amarillo Court of Appeals held that the defendant's attorney's waiver of a jury trial in municipal court was valid, even though the defendant was not personally asked if he joined in his attorney's representation. No. 07–98–0134–CR, 1999 WL 7889, at *3 (Tex. App.-Amarillo Jan.11, 1999, pet. ref'd) (not

designated for publication). The court noted that "Code of Criminal Procedure art. 45.24, without more, simply provides that the accused may waive a trial by jury" and did not "require the municipal court to ask a defendant to personally verify that he joins in his attorney's representation that he waives his right to a jury."[1] *Id.* Moreover, in its subsequent opinion overruling the defendant's motion for rehearing, the *Martin* court stated

> even though Article 45.24 provides that the "accused" may waive his right to a jury trial, it is commonly understood that attorneys are agents of their clients and any actions taken in court by attorneys are done so on behalf of their clients. Thus, when an accused's attorney orally waives a jury trial in open court, under the general precepts of principal-agent relationships, it is the accused who is waiving that right. In sum, appellant's attorney legitimately waived trial by jury on behalf of appellant, and therefore, appellant's point of error remains overruled.

*Martin v. State,* No. 07–98–0134–CR, 1999 WL 99087, at *2 (Tex.App.-Amarillo Feb.26, 1999, pet. ref'd) (op. on reh'g) (not designated for publication).

Accordingly, we do not find any reason, nor does Appellant's appellate counsel argue, that the general rule that an attorney acts on behalf of his client and the acts of the attorney are attributed to the client should be abandoned in this instance. Therefore, we conclude that Appellant's trial counsel's waiver of his request for a "licensed" interpreter at the guilty plea

hearing was effective as to Appellant. Thus, we deny the motion for rehearing.

---

1. *See* Act of Jan. 1, 1966, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 525 (former Tex.Code Crim. Proc. Ann. art. 45.24) ("The accused may waive a trial by jury; and in such case, the justice shall hear and determine the cause without a jury."), *amended and renumbered by* Act of Sept. 1, 1999, 76th Leg., ch. 1545, § 23, 1999 Tex. Gen. Laws 5314, 5319 (current version at Tex.Code Crim. Proc. Ann. art. 45.025 (Vernon Supp.2004–05)) ("The accused may waive a trial by jury in writing. If the defendant waives a trial by jury, the justice or judge shall hear and determine the cause without a jury.").