COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-070-CR

 

 

JUAN AGUILAR LAMBERTO                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Appellant Juan Aguilar
Lamberto appeals from his conviction and twenty-year sentence for aggravated
assault with a deadly weapon.  In three
points, appellant complains about the trial court=s failure to appoint him a Spanish interpreter for trial, the
admission of evidence that a jail disciplinary board had determined that
appellant was guilty of a Adisciplinary assaultive infraction,@ and the part of the jury charge incorrectly instructing the jury that
appellant would serve one-fourth of his sentence instead of one-half if the
jury made an affirmative deadly weapon finding. 
We affirm.

Background Facts

While at a nightclub,
appellant saw his former girlfriend, Cheniqua W., with another man.  When the man kissed Cheniqua, appellant hit
him.  Nightclub personnel had to restrain
appellant; they then kicked him out of the club.  The next day, as Cheniqua was trying to open
her apartment door after she got home from work, she saw appellant downstairs
holding a gun pointed in her direction. 
Appellant shot Cheniqua twice. 
Although appellant fled, the police found and arrested him.

After police arrested
appellant, he gave them a statement in which he denied intending to hurt
Cheniqua.  Instead, he said he intended
only to scare her.  Appellant was
subsequently indicted for aggravated assault with a deadly weapon and convicted
by a jury.  The jury also assessed appellant=s punishment at twenty years= confinement.

Denial of Interpreter








In his first point, appellant
contends that he was harmed by the trial court=s denial of his request for a Spanish interpreter at trial.  In support of his request, appellant=s counsel informed the trial court that an interpreter had been
appointed for him in two prior criminal cases in California.  The trial court and counsel also elicited
testimony from appellant about his ability to understand English.

Providing an interpreter to
an accused who does not understand English is required by the Confrontation
Clause of the United States Constitution as well as section 38.30 of the Texas
Code of Criminal Procedure.  Abdygapparova
v. State, 243 S.W.3d 191, 200 (Tex. App.CSan Antonio 2007, pet. ref=d); see U.S. Const.
amend. VI; Tex. Code Crim. Proc. Ann.
art. 38.30 (Vernon Supp. 2007).  Under
Texas law, the right to an interpreter is statutory and must be implemented
unless waived.  Marin v. State,
851 S.W.2d 275, 279 (Tex. Crim. App. 1993), overruled on other grounds, Cain
v. State, 947 S.W.2d 262 (Tex. Crim. App. 1997); Fonseca v. State,
163 S.W.3d 98, 100 (Tex. App.CFort Worth 2005, pet. ref=d).  However, the threshold
determination of whether an interpreter is necessary is within the trial court=s discretion.  Baltierra v.
State, 586 S.W.2d 553, 556B57 (Tex. Crim. App. 1979); Abdygapparova, 243 S.W.3d at 201.








Article 38.30 provides that
if, upon the filing of a motion for the appointment of an interpreter, the
trial court determines that the person charged or a witness does not understand
the English language, an interpreter must be appointed for that person.  Tex.
Code Crim. Proc. Ann. art. 38.30; Abdygapparova, 243 S.W.3d at
201; Fonseca, 163 S.W.3d at 100; see also Tex. Gov=t Code Ann. ' 57.002(a) (Vernon Supp. 2007). 
The mere fact that an accused is fluent in another language does not,
alone, warrant the appointment of an interpreter.  Flores v. State, 509 S.W.2d 580, 581
(Tex. Crim. App. 1974); Abdygapparova, 243 S.W.3d at 201.  Evidence that a person is capable of
communicating in English on a day-to-day basis is sufficient to support a trial
court=s denial of an interpreter.  See
Abdygapparova, 243 S.W.3d at 201. 

Here, the evidence supports
the trial court=s
discretionary ruling.  The trial judge
was in the best position to observe appellant and his capability of
communicating in English; indeed, the judge conversed with appellant in English
in the courtroom and had reviewed several pro se letters and motions from
appellant.  See id. at 202B03.  In the course of the trial
court=s colloquy with appellant, appellant told the trial court, AI don=t understand
the way professionals, . . . the lawyers and the prosecutors talk.  I understand the English, but the way they
speak, they speak very nice and very polite. 
I call it refined talk.  . . . I
don=t understand how they talk. . . . 
I understand English but I don=t understand how they talk.@  








Appellant seemed most
concerned with his inability to understand legal terminology rather than the
English language.  Accordingly, we cannot
say that the trial court abused its discretion in denying appellant=s motion for an interpreter.  See
id. at 202B03; Vargas
v. State, 627 S.W.2d 785, 787 (Tex. App.CSan Antonio 1982, no pet.) (noting that interpreter not necessary
simply because appellant could communicate better in Spanish than in
English).  We overrule his first point.

Admission of Results of Jail
Disciplinary Hearing

In his second point,
appellant complains about the trial court=s ruling allowing one of appellant=s jailers to testify at punishment that appellant had been Awritten up@ and found
guilty in a subsequent disciplinary hearing for violating jail rules.  The jailer had already testified that he
personally witnessed appellant assault another inmate while in custody.  Appellant=s counsel objected on relevancy grounds; he also requested, and
received, a running objection as to relevance and on the ground of Adue process since he was not heard by a Judge or jury by the -- a
standard of beyond a reasonable doubt.@  Appellant challenges the
evidence on appeal on relevancy grounds, rule 403 grounds, and under article
37.07, section 3(a)(1).  Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1) (Vernon Supp. 2007); Tex.
R. Evid. 401B03.








An objection preserves only
the specific ground cited.  Tex. R. App. P. 33.1(a)(1)(A); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998); Bell v. State,
938 S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827
(1997).  Because appellant did not object
at trial on rule 403 grounds, we will not address that part of his
argument.  See Tex. R. App. P. 33.1(a)(1)(A); Mosley,
983 S.W.2d at 265.

Appellant argues that the
jail administrative body=s decision
is totally irrelevant and was admitted only to Asubstitute the judgment of an administrative disciplinary body for
that of the jury in the determination of whether [a]ppellant committed an
assault while in jail.@  See Tex.
Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1) (requiring State to prove extraneous offenses at punishment
beyond a reasonable doubt); Delgado v. State, 235 S.W.3d 244, 252 (Tex.
Crim. App. 2007).

Here, regardless of the
propriety of the evidence, appellant could not have been harmed.  See Tex.
R. App. P. 44.2(b); Stevens v. State, 234 S.W.3d 748, 784 (Tex.
App.CFort Worth 2007, no pet.).  The
trial court=s charge on
punishment included the following instruction: 


You
are instructed [that] if there is any testimony before you in this case
regarding the Defendant=s
having committed offenses other than the offenses alleged against him in the
Indictment in this case, you cannot consider said testimony for any purpose
unless you find and believe beyond a reasonable doubt that the Defendant
committed such other offenses, if any were committed.

 








The jailer testified that he personally witnessed
appellant=s actions,
and appellant admitted unconditionally that the incident occurred.  Thus, there was other evidence from which the
jury could have found beyond a reasonable doubt that appellant committed the
assault for which the administrative board found him guilty.  We overrule appellant=s second point.

Jury Charge Error

In his third point, appellant
claims that the jury charge was defective because it instructed the jury that
appellant would be required to serve a minimum one-fourth of his sentence
rather than one-half if the jury found that appellant used a deadly weapon in
committing the offense.  The jury did
make such a finding, which appellant does not challenge.    

The trial court=s charge at punishment instructed the jury as follows:

Under
the law applicable in this case, if the Defendant is sentenced to a term of
imprisonment, he will not become eligible for parole until the actual time
served equals one-fourth of the sentence imposed, without consideration of any
good conduct time he may earn.  If the
Defendant is sentenced to a term of less than four years, he must serve at
least two years before he is eligible for parole.  Eligibility for parole does not guarantee
that parole will be granted.

 

This instruction is incorrect because the law
requires that a convicted defendant subject to an affirmative deadly weapon
finding must serve at least one-half of his sentence before becoming eligible
for parole.  Tex. Code Crim. Proc. Ann. art. 37.07, ' 4(a) (Vernon Supp. 2007).








Because appellant did not
object to the charge at trial, we review the error for egregious harm.  Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1985) (op. on reh=g); Hooper v. State, No. 10-04-00265-CR, 2008 WL 660521, at *7
(Tex. App.CWaco Mar.
12, 2008, no pet. h.); see Tex.
Code Crim. Proc. Ann. art. 36.19 (Vernon 2006); Hutch v. State,
922 S.W.2d 166, 171 (Tex. Crim. App. 1996). 
In making this determination, Athe actual degree of harm must be assayed in light of the entire jury
charge, the state of the evidence, including the contested issues and weight of
probative evidence, the argument of counsel and any other relevant information
revealed by the record of the trial as a whole.@  Almanza, 686 S.W.2d at
171; see generally Hutch, 922 S.W.2d at 172B74.  The purpose of this review
is to illuminate the actual, not just theoretical, harm to the accused.  Almanza, 686 S.W.2d at 174.  Egregious harm is a difficult standard to
prove and must be determined on a case-by-case basis.  Ellison v. State, 86 S.W.3d 226, 227
(Tex. Crim. App. 2002); Hutch, 922 S.W.2d at 171.

In addressing similar charge
error, the Waco Court of Appeals has observed,








Numerous cases have addressed egregious harm in
the context of a punishment charge containing errors and omissions in the
parole and good-conduct instructions. 
Several common threads run among those cases.  First and foremost is the presumption that
the jury followed the charge=s instructions.  Thus, we presume that the jury followed the
trial court=s
instructions and did not consider parole: 
AHowever,
you are not to consider the extent to which good conduct time may be awarded to
or forfeited by this particular defendant. 
You are not to consider the manner in which the parole law may be
applied to this particular defendant.@  Absent evidence or indications to the
contrary, this presumption prevails.

 

When there is a note from the jury regarding
parole or good conduct time, courts are more prone to find egregious harm.  Another factor is the State=s
emphasis in argument on the possibility of parole.  And courts also sometimes consider the
assessment of a high or maximum sentence.

 

Hooper, 2008 WL 66052, at *8 (citations omitted).








Here, the jury was given the
identical instruction set forth above prohibiting it from considering the
effect of parole or good conduct time on appellant=s sentence.  There is no
evidence indicating that the jury ignored or did not follow this
instruction.  The jury did not send the
judge any notes regarding parole or good conduct time.  And the State did not discuss parole or good
conduct time at all; instead, its closing argument focused on the impropriety
of probation (because of the nature of the offense, appellant=s anger issues, and his assaultive behavior in jail) and its request
that the jury give appellant the maximum sentence possible, twenty years= confinement, which the jury assessed. 
Although appellant=s counsel
discussed the erroneous instruction during his closing argument, he did so in
the context of asking the jury for probation; not only was the jury not
persuaded by the argument, it assessed the maximum sentence, in keeping with
the prosecutor=s
request.  Accordingly, we cannot conclude
that appellant was egregiously harmed by the erroneous charge.  See id. at *9 (concluding that any
acknowledgment that the jury may have calculated how much time appellant would
have to serve before being eligible for parole would be speculation leading Aonly to insufficient theoretical harm, rather than actual harm@); Love v. State, 909 S.W.2d 930, 934B35 (Tex. App.CEl Paso
1995, pet. ref=d); see
also Igo v. State, 210 S.W.3d 645, 647B48 (Tex. Crim. App. 2006) (applying same analysis to similar charge
error in sexual assault of a child case). 
We overrule appellant=s third point.

Conclusion

Having overruled appellant=s three points, we affirm the trial court=s judgment.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL F:    LIVINGSTON,
DAUPHINOT, and HOLMAN, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: May 22, 2008