

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-070-CR

JUAN AGUILAR LAMBERTO                                          APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## OPINION

------------

Appellant Juan Aguilar Lamberto appeals from his conviction and twenty-year sentence for aggravated assault with a deadly weapon. In three points, appellant complains about the trial court's failure to appoint him a Spanish interpreter for trial, the admission of evidence that a jail disciplinary board had determined that appellant was guilty of a "disciplinary assaultive infraction," and the part of the jury charge incorrectly instructing the jury that appellant

would serve one-fourth of his sentence instead of one-half if the jury made an affirmative deadly weapon finding.  We affirm.

## Background Facts

While at a nightclub, appellant saw his former girlfriend, Cheniqua W., with another man.  When the man kissed Cheniqua, appellant hit him.  Nightclub personnel had to restrain appellant; they then kicked him out of the club.  The next day, as Cheniqua was trying to open her apartment door after she got home from work, she saw appellant downstairs holding a gun pointed in her direction.  Appellant shot Cheniqua twice.  Although appellant fled, the police found and arrested him.

After police arrested appellant, he gave them a statement in which he denied intending to hurt Cheniqua.  Instead, he said he intended only to scare her.  Appellant was subsequently indicted for aggravated assault with a deadly weapon and convicted by a jury.  The jury also assessed appellant's punishment at twenty years' confinement.

## Denial of Interpreter

In his first point, appellant contends that he was harmed by the trial court's denial of his request for a Spanish interpreter at trial.  In support of his request, appellant's counsel informed the trial court that an interpreter had been appointed for him in two prior criminal cases in California.  The trial court and

2

counsel also elicited testimony from appellant about his ability to understand English.

Providing an interpreter to an accused who does not understand English is required by the Confrontation Clause of the United States Constitution as well as section 38.30 of the Texas Code of Criminal Procedure. *Abdygapparova v. State*, 243 S.W.3d 191, 200 (Tex. App.—San Antonio 2007, pet. ref'd); *see* U.S. CONST. amend. VI; TEX. CODE CRIM. PROC. ANN. art. 38.30 (Vernon Supp. 2007). Under Texas law, the right to an interpreter is statutory and must be implemented unless waived. *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997); *Fonseca v. State*, 163 S.W.3d 98, 100 (Tex. App.—Fort Worth 2005, pet. ref'd). However, the threshold determination of whether an interpreter is necessary is within the trial court's discretion. *Baltierra v. State*, 586 S.W.2d 553, 556–57 (Tex. Crim. App. 1979); *Abdygapparova*, 243 S.W.3d at 201.

Article 38.30 provides that if, upon the filing of a motion for the appointment of an interpreter, the trial court determines that the person charged or a witness does not understand the English language, an interpreter must be appointed for that person. TEX. CODE CRIM. PROC. ANN. art. 38.30; *Abdygapparova*, 243 S.W.3d at 201; *Fonseca*, 163 S.W.3d at 100; *see also*

3

TEX. GOV'T CODE ANN. § 57.002(a) (Vernon Supp. 2007). The mere fact that an accused is fluent in another language does not, alone, warrant the appointment of an interpreter. *Flores v. State*, 509 S.W.2d 580, 581 (Tex. Crim. App. 1974); *Abdygapparova*, 243 S.W.3d at 201. Evidence that a person is capable of communicating in English on a day-to-day basis is sufficient to support a trial court's denial of an interpreter. *See Abdygapparova*, 243 S.W.3d at 201.

Here, the evidence supports the trial court's discretionary ruling. The trial judge was in the best position to observe appellant and his capability of communicating in English; indeed, the judge conversed with appellant in English in the courtroom and had reviewed several pro se letters and motions from appellant. *See id*. at 202–03. In the course of the trial court's colloquy with appellant, appellant told the trial court, "I don't understand the way professionals, . . . the lawyers and the prosecutors talk. I understand the English, but the way they speak, they speak very nice and very polite. I call it refined talk. . . . I don't understand how they talk. . . . I understand English but I don't understand how they talk."

Appellant seemed most concerned with his inability to understand legal terminology rather than the English language. Accordingly, we cannot say that the trial court abused its discretion in denying appellant's motion for an

4

interpreter.  *See id*. at 202–03; *Vargas v. State*, 627 S.W.2d 785, 787 (Tex. App.—San Antonio 1982, no pet.) (noting that interpreter not necessary simply because appellant could communicate better in Spanish than in English).  We overrule his first point.

**Admission of Results of Jail Disciplinary Hearing**

In his second point, appellant complains about the trial court's ruling allowing one of appellant's jailers to testify at punishment that appellant had been "written up" and found guilty in a subsequent disciplinary hearing for violating jail rules.  The jailer had already testified that he personally witnessed appellant assault another inmate while in custody.  Appellant's counsel objected on relevancy grounds; he also requested, and received, a running objection as to relevance and on the ground of "due process since he was not heard by a Judge or jury by the -- a standard of beyond a reasonable doubt."  Appellant challenges the evidence on appeal on relevancy grounds, rule 403 grounds, and under article 37.07, section 3(a)(1).  TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2007); TEX. R. EVID. 401–03.

An objection preserves only the specific ground cited.  TEX. R. APP. P. 33.1(a)(1)(A); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998); *Bell v. State*, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 827 (1997).  Because appellant did not object at trial on rule 403 grounds,

5

we will not address that part of his argument. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Mosley*, 983 S.W.2d at 265.

Appellant argues that the jail administrative body's decision is totally irrelevant and was admitted only to "substitute the judgment of an administrative disciplinary body for that of the jury in the determination of whether [a]ppellant committed an assault while in jail." *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (requiring State to prove extraneous offenses at punishment beyond a reasonable doubt); *Delgado v. State*, 235 S.W.3d 244, 252 (Tex. Crim. App. 2007).

Here, regardless of the propriety of the evidence, appellant could not have been harmed. *See* TEX. R. APP. P. 44.2(b); *Stevens v. State*, 234 S.W.3d 748, 784 (Tex. App.—Fort Worth 2007, no pet.). The trial court's charge on punishment included the following instruction:

> You are instructed [that] if there is any testimony before you in this case regarding the Defendant's having committed offenses other than the offenses alleged against him in the Indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the Defendant committed such other offenses, if any were committed.

The jailer testified that he personally witnessed appellant's actions, and appellant admitted unconditionally that the incident occurred. Thus, there was other evidence from which the jury could have found beyond a reasonable

6

doubt that appellant committed the assault for which the administrative board found him guilty. We overrule appellant's second point.

## Jury Charge Error

In his third point, appellant claims that the jury charge was defective because it instructed the jury that appellant would be required to serve a minimum one-fourth of his sentence rather than one-half if the jury found that appellant used a deadly weapon in committing the offense. The jury did make such a finding, which appellant does not challenge.

The trial court's charge at punishment instructed the jury as follows:

> Under the law applicable in this case, if the Defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-fourth of the sentence imposed, without consideration of any good conduct time he may earn. If the Defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

This instruction is incorrect because the law requires that a convicted defendant subject to an affirmative deadly weapon finding must serve at least one-half of his sentence before becoming eligible for parole. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (Vernon Supp. 2007).

Because appellant did not object to the charge at trial, we review the error for egregious harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.

7

App. 1985) (op. on reh'g); *Hooper v. State*, No. 10-04-00265-CR, 2008 WL

660521, at *7 (Tex. App.—Waco Mar. 12, 2008, no pet. h.); *see* TEX. CODE

CRIM. PROC. ANN. art. 36.19 (Vernon 2006); *Hutch v. State*, 922 S.W.2d 166,

171 (Tex. Crim. App. 1996). In making this determination, "the actual degree

of harm must be assayed in light of the entire jury charge, the state of the

evidence, including the contested issues and weight of probative evidence, the

argument of counsel and any other relevant information revealed by the record

of the trial as a whole." *Almanza*, 686 S.W.2d at 171; *see generally Hutch*,

922 S.W.2d at 172–74. The purpose of this review is to illuminate the actual,

not just theoretical, harm to the accused. *Almanza*, 686 S.W.2d at 174.

Egregious harm is a difficult standard to prove and must be determined on a

case-by-case basis. *Ellison v. State*, 86 S.W.3d 226, 227 (Tex. Crim. App.

2002); *Hutch*, 922 S.W.2d at 171.

In addressing similar charge error, the Waco Court of Appeals has

observed,

> Numerous cases have addressed egregious harm in the context of a punishment charge containing errors and omissions in the parole and good-conduct instructions. Several common threads run among those cases. First and foremost is the presumption that the jury followed the charge's instructions. Thus, we presume that the jury followed the trial court's instructions and did not consider parole: "However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole

8

law may be applied to this particular defendant." Absent evidence or indications to the contrary, this presumption prevails.

When there is a note from the jury regarding parole or good conduct time, courts are more prone to find egregious harm. Another factor is the State's emphasis in argument on the possibility of parole. And courts also sometimes consider the assessment of a high or maximum sentence.

*Hooper,* 2008 WL 66052, at \*8 (citations omitted).

Here, the jury was given the identical instruction set forth above prohibiting it from considering the effect of parole or good conduct time on appellant's sentence. There is no evidence indicating that the jury ignored or did not follow this instruction. The jury did not send the judge any notes regarding parole or good conduct time. And the State did not discuss parole or good conduct time at all; instead, its closing argument focused on the impropriety of probation (because of the nature of the offense, appellant's anger issues, and his assaultive behavior in jail) and its request that the jury give appellant the maximum sentence possible, twenty years' confinement, which the jury assessed. Although appellant's counsel discussed the erroneous instruction during his closing argument, he did so in the context of asking the jury for probation; not only was the jury not persuaded by the argument, it assessed the maximum sentence, in keeping with the prosecutor's request. Accordingly, we cannot conclude that appellant was egregiously harmed by the

9

erroneous charge.  *See id*. at *9 (concluding that any acknowledgment that the jury may have calculated how much time appellant would have to serve before being eligible for parole would be speculation leading "only to insufficient theoretical harm, rather than actual harm"); *Love v. State*, 909 S.W.2d 930, 934–35 (Tex. App.—El Paso 1995, pet. ref'd); *see also Igo v. State*, 210 S.W.3d 645, 647–48 (Tex. Crim. App. 2006) (applying same analysis to similar charge error in sexual assault of a child case).  We overrule appellant's third point.

**Conclusion**

Having overruled appellant's three points, we affirm the trial court's judgment.


TERRIE LIVINGSTON
JUSTICE

PANEL F:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 22, 2008

10