

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00018-CR
### NO. 02-13-00019-CR

---

ALEKSANDR GOUKASIAN                                          APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
### TRIAL COURT NO. 1215851D, 1283325R

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Aleksandr Goukasian appeals his convictions for the unlawful intercept or endeavor to intercept or disclosure of wire, oral, or electronic communications; the unlawful possession of an electronic interception device; engaging in organized criminal activity; and the fraudulent possession and use of

---

[1]*See* Tex. R. App. P. 47.4.

identifying information. In one point, Goukasian argues that the trial court abused its discretion by denying his motion for the appointment of an interpreter. We will affirm.

## II. BACKGROUND

The day before trial on the underlying charges in this case began, Goukasian filed a motion requesting an interpreter.[2] On the day of trial and prior to both parties introducing evidence regarding the underlying charges, the trial court held a hearing outside the presence of the jury regarding Goukasian's motion for the appointment of an interpreter.

At the start of the hearing, the court noted that Goukasian's case was filed in October 2010, that he was indicted on March 17, 2011, that he was placed on bond and had reported to a bond officer since that time, and that Goukasian did not file his motion for an interpreter until the day before trial began on June 12, 2012. The court also noted that it had "received information that [Goukasian] can speak English and actually can speak very fluent English."

In support of his motion, Goukasian introduced evidence from a prior federal criminal case in which he pleaded guilty and in which he had a court-appointed interpreter. Goukasian also called Gerard Kardonsky, one of his attorneys, to the stand. According to Kardonsky, he spoke exclusively in Russian

---

[2]Because this appeal entails only the matter of the trial court's denial of Goukasian's motion for the appointment of an interpreter, the factual and procedural background recited herein will only detail those facts germane to this issue.

to Goukasian and he was present anytime any of the non-Russian speaking attorneys in his office counseled Goukasian. Kardonsky testified that although Goukasian's "conversational English is fine; his understanding of legal terminology [is not fine.]" Kardonsky also averred that he traveled as an interpreter with Goukasian "every time" Goukasian went to see another attorney who was representing Goukasian in a federal proceeding.

Under cross, Kardonsky stated that Goukasian spoke English with members on staff at his firm on a "daily basis." Kardonsky also averred that Goukasian had been on bond for several months without his assistance as an interpreter. Kardonsky testified that Goukasian had lived in the United States since 1993.

The State called Lisa Hunt, the global positioning system (GPS) officer for Tarrant County Community Supervision and Corrections Department (CSCD). Hunt testified that she was Goukasian's current GPS supervisor and that he had previously had two other GPS supervisors.[3] According to Hunt, neither of the two previous GPS supervisors nor herself spoke Russian or Armenian.[4] Hunt said that she had personally been Goukasian's GPS supervisor for almost eighteen months, that she had communicated with him personally nearly 100 times, and

---

[3]The record indicates that Goukasian was required to wear a GPS monitoring device as a bond condition.

[4]At the hearing, Goukasian's attorney stated that although Goukasian's motion requested a Russian-speaking interpreter, an Armenian-speaking interpreter would also suffice.

that each time they communicated in English.  She averred that Goukasian never had an interpreter with him during their conversations.  Hunt also said that she was able to convey to Goukasian "technical" issues relating to how his GPS monitoring device worked and that Goukasian had even discussed "highly technical" issues relating to his GPS monitoring device with another employee at CSCD.  Hunt further testified that Goukasian had researched technical aspects of his GPS monitoring device online, and Goukasian brought printouts that were in English regarding Internet searches he had done, attempting to find a church that he might attend.  Hunt averred that on several occasions she had to remind Goukasian that he was not allowed to bring gifts to the employees at CSCD because such gifts could be construed as bribes.  Hunt said that she had the conversations regarding gifts with Goukasian in English and that she believed he fully understood her.

The State also called Mary Jo Gutierrez, a senior court officer for CSCD. Gutierrez testified that her duties included explaining bond conditions to Goukasian.  She averred that she had previously explained his bond conditions to him in English.  She also testified that at the bond hearing, Goukasian answered questions and spoke to the trial court in English.  Gutierrez described Goukasian's ability to communicate in English as being "very good."  According to Gutierrez, she once explained to Goukasian his bond conditions relating to "exclusionary zones" and that the conversation was in English and "pretty detailed."  By Gutierrez's account, Goukasian never once complained that he

4

was unable to understand her communicating to him in English and she never had any issues understanding his English.

The State also introduced evidence that prior to Kardonsky's involvement in the case, Goukasian, through previous counsel, had filed numerous motions and had attended a bond hearing without the assistance of an interpreter.

During closing arguments at the hearing, Goukasian's attorney argued that although Goukasian "does speak and understand English . . . on fairly concrete matters," he required an interpreter to help him understand the complicated legal aspects of his cases. At the close of the hearing, the trial court noted for the record its own recollection of having explained Goukasian's bond conditions to him at the bond hearing in English. The trial court denied Goukasian's motion for an interpreter. Following the hearing and after a jury trial in which the jury found Goukasian guilty of each of the State's charges, the trial court sentenced Goukasian to twenty years' incarceration for the unlawful intercept of electronic communications, two years' incarceration for four different charges of unlawful possession of an interception device, twenty years' incarceration for engaging in organized criminal activity, and twenty years' incarceration for the fraudulent use and possession of identifying information. The trial court entered judgments accordingly, and this appeal followed.

### III. DENIAL OF INTERPRETER

In his sole point, Goukasian argues that the trial court abused its discretion by denying his request for the appointment of an interpreter at trial. We disagree.

5

Providing an interpreter to an accused who does not understand English is required by the Confrontation Clause of the United States Constitution as well as section 38.30 of the Texas Code of Criminal Procedure. *Abdygapparova v. State*, 243 S.W.3d 191, 200 (Tex. App.—San Antonio 2007, pet. ref'd); *see* U.S. Const. amend. VI; Tex. Code Crim. Proc. Ann. art. 38.30 (West Supp. 2014). Under Texas law, the right to an interpreter is statutory and must be implemented unless waived. *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997); *Fonseca v. State*, 163 S.W.3d 98, 100 (Tex. App.—Fort Worth 2005, pet. ref'd). But the threshold determination of whether an interpreter is necessary is within the trial court's discretion. *Baltierra v. State*, 586 S.W.2d 553, 556–57 (Tex. Crim. App. 1979); *Abdygapparova*, 243 S.W.3d at 201.

Article 38.30 provides that if upon the filing of a motion for the appointment of an interpreter, the trial court determines that the person charged or a witness does not understand the English language, an interpreter must be appointed for that person. Tex. Code Crim. Proc. Ann. art. 38.30; *Abdygapparova*, 243 S.W.3d at 201; *Fonseca*, 163 S.W.3d at 100; *see also* Tex. Gov't Code Ann. § 57.002(a) (West Supp. 2014). The mere fact that an accused is fluent in another language does not, alone, warrant the appointment of an interpreter. *Flores v. State*, 509 S.W.2d 580, 581 (Tex. Crim. App. 1974); *Abdygapparova*, 243 S.W.3d at 201. Evidence that a person is capable of communicating in English on a day-to-day

basis is sufficient to support a trial court's denial of an interpreter. *See Abdygapparova*, 243 S.W.3d at 201.

Here, the evidence supports the trial court's discretionary ruling. The trial judge was in the best position to observe Goukasian's capability of communicating in English; indeed, the judge noted on record at the hearing that he had previously communicated with Goukasian at his bond hearing in English. The State introduced testimony of Goukasian's GPS supervisor wherein she averred that she had spoken with Goukasian nearly 100 times and that she had even heard him discuss "highly technical" issues with a co-worker of hers in English regarding his GPS monitoring device. The State further elicited testimony from the senior court officer for CSCD, who stated that she had communicated "pretty detailed" information regarding Goukasian's bond conditions and that Goukasian's English was "very good." The trial court was also presented with evidence that Goukasian could conduct Internet searches in English.

Furthermore, Goukasian maintained at trial, as he does now on appeal, that while he is conversant in English and capable of understanding "concrete" issues, he requested an interpreter for the purpose of understanding complex legal issues. But this court has held that concerns over the inability to understand legal terminology does not invalidate a trial court's denial to provide an interpreter to a defendant who has the ability to communicate in English on a day-to-day basis. *See Aguilar Lamberto v. State*, No. 02-07-00070-CR, 2008 WL

7

2168122, at *2 (Tex. App.—Fort Worth May 22, 2008, pet. ref'd) (not designated for publication) ("Appellant seemed most concerned with his inability to understand legal terminology rather than the English language."). We hold that the trial court did not abuse its discretion by denying Goukasian's motion for the appointment of an interpreter. *See Vargas v. State*, 627 S.W.2d 785, 787 (Tex. App.—San Antonio 1982, no pet.) (noting that interpreter not necessary simply because appellant could communicate better in Spanish than in English). Thus, we overrule Goukasian's sole point on appeal.

## IV. CONCLUSION

Having overruled Goukasian's sole point on appeal, we affirm the trial court's judgments.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 18, 2014

8